**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 115174

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kyle Caudill and Angel Beltrez, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Enhanced Recovery Company, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Kyle Caudill and Angel Beltrez, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Enhanced Recovery Company, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Kyle Caudill is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Angel Beltrez is an individual who is a citizen of the State of New York residing in Queens County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Enhanced Recovery Company, LLC, is a Florida Limited Liability Company with a principal place of business in Duval County, Florida.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Caudill, Defendant contacted Plaintiff Caudill by letter dated February 14, 2018. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Beltrez, Defendant contacted Plaintiff Beltrez by letter dated May 22, 2018. ("**Exhibit 1**.")

17. The letter was the initial communication Plaintiff Caudill received from Defendant.

18. The letter was the initial communication Plaintiff Beltrez received from Defendant.

19. The letters (the "Letters") are identical for all relevant purposes herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

24. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

25. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

26. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

27. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

28. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

29. The Letters fail to explicitly identify the name of the creditor to whom the debt is owed.

30. The Letters state, "Creditor: Sprint."

31. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

32. Conversely, there are more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint."

33. The least sophisticated consumer would likely be confused as to which of more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

34. The least sophisticated consumer would likely be uncertain as to which of more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

35. The least sophisticated consumer would likely be confused as to which of the one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

36. The least sophisticated consumer would likely be uncertain as to which of the one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

37. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

38. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

39. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

40. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

41. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

48. Because the Letters are reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of 15 U.S.C. § 1692e.

49. The least sophisticated consumer would likely be deceived by Defendant's conduct.

50. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

51. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

52. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that sets forth a creditor as "Sprint,", from one year before the date of this Complaint to the present.

53. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

54. Defendant regularly engages in debt collection.

55. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts debt using a collection letter that sets forth a creditor as "Sprint."

56. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

5

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

58.     Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

59.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a.  Certify this action as a class action; and

    b.  Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c.  Find that Defendant's actions violate the FDCPA; and

    d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Grant Plaintiffs' costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      g. Such other relief that the Court determines is just and proper.

DATED: August 21, 2018

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 115174

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530