1301 Avenue of the Americas
21st Floor
New York, New York 10019
Tel: 212 907-9700
www.sgrlaw.com

**SMITH, GAMBRELL & RUSSELL, LLP**
*Attorneys At Law*

*Edward Joseph Heppt*
Direct Tel:  (212) 907-9708
Direct Fax:  (212) 907-9808
eheppt@sgrlaw.com

May 9, 2019

**VIA CM/ECF**

Hon. Joanna Seybert, U.S.D.J.
U.S.D.C., Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Kyle Caudill, et al. v. Enhanced Recovery Company, LLC
      Case No.: 2:18-cv-04821-JS-SIL

Dear Judge Seybert:

      We represent Enhanced Recovery Company, LLC ("ERC") in the above-referenced matter. We write in accordance with section IV.G of Your Honor's Individual Motion Practices and Rules to request a pre-motion conference to move under Rule 12(b)(6) to dismiss the plaintiffs' Complaint for failure to state a claim for relief.

      Angel Beltrez and Kyle Caudill filed a class action complaint alleging that ERC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Act"). Specifically, they allege ERC sent them each a letter that failed to identify the name of their account creditors. The letters are included as exhibits to the Complaint and plainly show that they do, in fact, contain the name of their respective creditors. These letters state, in part, "Creditor: Sprint[,]" Original Creditor: Sprint[,]" and "[o]ur records indicate that your balance with Sprint remains unpaid; therefore your account has been placed with ERC for collection efforts."[1] Likewise, both letters include the amount and the last four digits of the account number for the plaintiffs' respective Sprint accounts.

      Courts in the Second Circuit consider alleged violations of the Act under the "least sophisticated consumer" standard.[2] While denominated the "least sophisticated," such a

---

[1] Compl. (DE 1) at Exh. 1.
[2] *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005).

consumer "is neither irrational, nor a dolt."[3] The Act requires debt collectors to, within five days of initially communicating with an account holder, provide certain information, including the amount of the debt and the name of the creditor to whom the debt is owed.[4] To determine whether a letter meets this obligation, the court must consider whether the least sophisticated consumer would be aware that the letter contained the name of the creditor after reading the entire letter.[5] Courts in this Circuit may rule, <u>on the pleadings</u>, that letters do not violate the Act.[6]

ERC's letters clearly state, multiple times, that the creditor is "Sprint." The plaintiffs claim the reference to "Sprint" is insufficient because there is no entity registered as "Sprint" with the New York Secretary of State, and because multiple entities have registered names beginning with the word "Sprint."

Judge Cogan previously rejected this argument in *Goldstein*.[7] There, a consumer received a letter that identified the creditor of her account merely as "SPRINT," and she claimed it failed to clearly disclose the name of the creditor, in part, because there are multiple Sprint entities. In rejecting this argument, the court reasoned that district courts in this Circuit have held that the Act "permits the use of [creditors'] common names, as opposed to their full legal or business names." The court further reasoned that "it strains credulity to believe that plaintiff would have had a better understanding of who she owed money to or that she would have somehow responded differently if Sprint's full name were listed."[8] As a result, Judge Cogan granted the collector judgment on the pleadings.

Likewise, courts sitting in this District have rejected similar claims that using a creditor's common name in a letter to a consumer violates the Act. In *Williams*, District Judge Ross granted a collector's motion to dismiss, with prejudice, on a claim that identifying "Verizon" as the creditor was insufficient under the Act.[9] The collector relied on Judge Cogan's decision concerning Sprint in seeking dismissal. In opposing dismissal, the plaintiff, represented by the same counsel who represent the plaintiffs here, argued "while there are several entities registered to do business in New York beginning with the word 'Sprint,' most consumers would associate the name 'Sprint' with the company providing cellular telephone services whereas, here, the companies which identify themselves by the commonly-used trade-name 'Verizon' are several

---

[3] *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

[4] 15 U.S.C. § 1692g(a)(1)-(2).

[5] *Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007). *See also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).

[6] *See Greco*, 412 F.3d at 366; *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 311 (2d Cir. 2003).

[7] *See Goldstein v. Diversified Adjustment Serv., Inc.*, No. 17 CV 4729, 2017 WL 5592683 (E.D.N.Y. Nov. 20, 2017).

[8] *Id.* at *4.

[9] *Williams v. Waypoint Resource Grp., LLC*, No. 18-cv-4921 (ARR)(RML), 2019 WL 1368998, at *1 (E.D.N.Y. Mar. 26, 2019).

and distinct and provide many different services…."[10] The court held that "Verizon adequately identified the creditor and reasoned that:

> "[e]ven the least sophisticated consumer could recognize the entities with who[m] they have conducted business." The letter here explicitly states that plaintiff's Verizon account has been placed with defendant for collections. *See* Collection Letter. The least sophisticated consumer, even one who held multiple Verizon accounts, could figure out from this letter to which Verizon entity it was indebted.[11]

The court concluded, "if a debt collection letter sufficiently identifies the creditor—either explicitly or implicitly—then using the common name of the creditor does not violate the [Act], because even the least sophisticated consumer has the capacity to connect the dots."[12]

The plaintiffs also allege that the alleged failure to sufficiently identify the creditor also violates section 1692 of the Act, as a false or misleading statement. When claims under section 1692e are premised on a purported violation of section 1692g, the analysis for the underlying claim likewise applies to the 1692e claim.[13] Thus, that claim fails as well.

ERC's letter is clear that Sprint is the creditor on the plaintiffs' overdue accounts. As previously argued by plaintiffs' counsel in *Williams*, most consumers would associate the name Sprint with the company providing cellular telephone services. Accordingly, ERC did not violate the Act in using the common name to identify the plaintiffs' creditor in its letters and dismissal of the Complaint, in its entirety, for failure to state a claim for which relief may be granted is appropriate.

Respectfully,

/s/ Edward J. Heppt

Edward J. Heppt

cc: Craig B. Sanders, Esq. (*Via CM/ECF*)
David M. Barshay, Esq. (*Via CM/ECF*)

---

[10] *Id.* at *4.

[11] *Id.*

[12] *Id. See also Eger v. Southwest Credit Sys., L.P.*, No. 14-cv-0819 (SJF)(AYS), 2019 WL 1574802 (E.D.N.Y. Apr. 11, 2019) (finding that identifying Verizon and lst four digits of account number would allow consumer to identify creditor and account).

[13] *See, e.g.*, *Williams*, 2019 WL 1368998, at *4 (dismissing claim under section 1692e for same reasons as dismissing 1692g claim).